IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHARLOT KELLY, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-1499-SEB-DML |
| *Plaintiff*, | |
| v. | |
| KOHL'S DEPARTMENT STORES, INC., a Delaware corporation, | |
| *Defendant*. | |

**PLAINTIFF'S MOTION FOR AND MEMORANDUM
IN SUPPORT OF CLASS CERTIFICATION**

Plaintiff Sharlot Kelly, by and through her undersigned counsel, hereby respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), but requests that the Court enter and continue the motion until after the completion of discovery on class-wide issues, at which time Plaintiff will submit a more detailed memorandum of points and authorities in support of class certification.[1]

## I. INTRODUCTION

Defendant Kohl's Department Stores, Inc. ("Kohl's") owns and operates a well-known department store chain under the "Kohl's" brand name, operating 1,158 stores in 49 states. (*See*

---

[1] Plaintiff files this motion at the outset of litigation to prevent Defendant Kohl's Department Stores, Inc. from attempting a so-called "buy off" to moot her representative claims (*i.e.*, tendering to her the full amount of her individual damages alleged in her Class Action Complaint and Demand for Jury Trial). *See* Dkt. 1; *see also Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.").

Plaintiff's Class Action Complaint and Demand for Jury Trial, Dkt. 1 ["Compl."] ¶ 1.) As a part of its business, Defendant offers store-branded credit cards and other financing options for making purchases. (*Id.* ¶ 2.) When Defendant's debtors become delinquent on their payments, or when payment becomes imminently due, Defendant resorts to placing repeated phone calls to urge consumers to make their payments. (*Id.* ¶ 13.) In doing so, Defendant uses automated phone calls that utilize a recorded message. (*Id.* ¶¶ 13, 21.)

Unfortunately, Defendant's debtors are not the only consumers who are receiving these phone calls. (*Id.* ¶¶ 2, 3, 14, 15, 17.) Because Defendant uses skip tracing to acquire numbers for these phone calls, it places numerous calls to consumers who are misidentified by the skip trace as one of Defendant's debtors. (*Id.* ¶17.) As a result, thousands of consumers have received these harassing calls, though they never consented to receive the calls, and have no charge card or debt with Defendant. (*Id.* ¶¶ 14, 20, 23, 25.) Making matters worse, Defendant knows that these calls are being made and persists in its conduct despite express requests from consumers that it cease this conduct. (*Id.* ¶¶ 15, 16, 19, 20, 23.)

Plaintiff is one of thousands of consumers to whom Defendant made robocalls. (Compl. ¶¶ 19, 21.) In light of Defendant's conduct, Plaintiff filed the instant lawsuit alleging violations of 47 U.S.C. §§ 227 *et seq.* ("TCPA"), and now respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff's claims are readily certifiable because thousands of individuals (like Plaintiff) were subjected to Defendant's conduct of placing unauthorized automated robocalls. (*Id.* ¶¶ 2, 3, 6, 14, 15, 18, 19, 21, 25.) Every member of the proposed Class received these unauthorized robocalls and suffered injury in a nearly identical manner (*i.e.*, adversely affecting their right to privacy as well as harm suffered in the form of monies paid to their telephone service provider). (*Id.* ¶¶ 5, 22, 34.)

For these reasons, and as discussed further below, the proposed Class in this case meets each of the prerequisites for class certification under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), and the instant motion may be granted in its entirety. Nevertheless, Plaintiff respectfully requests that the Court enter and reserve ruling on the motion until after the completion of discovery on class wide issues, at which time Plaintiff will submit a fulsome memorandum of points and authorities in support of class certification.

## II.     FACTUAL BACKGROUND

### A.     Facts Applicable to All Members of the Putative Class

Plaintiff filed her Class Action Complaint (the "Complaint") in this Court on September 12, 2014, alleging claims on behalf of herself and a nationwide class of individuals for Defendant Kohl's violations of the TCPA. (*See* Compl.) Therein, Plaintiff alleges that Defendant makes repeated and harassing phone calls using an automated recording, known as a "robocall", to consumers who have no relationship or debt with Defendant. (*Id.* ¶¶ 13, 14.) Defendant made these robocalls to consumers who had neither provided their express consent to receive the calls, nor their telephone numbers to Defendant. (*Id.*)

Defendant acquires the numbers of these unrelated consumers through means such as "skip tracing". (*Id.* ¶ 17.) By using these methods, Defendant obtains the numbers of consumers who it has no credit or debt relationship with. (*Id.* ¶ 17.) As a result, Defendant has made calls to thousands of unrelated consumers without the required consent. (*Id.* ¶¶ 14, 25.) Throughout that time, Defendant has persisted in its conduct despite consumers express requests that it stop making robocalls. (*Id.* ¶ 16.)

### B.     Facts Applicable to Plaintiff Kelly

Plaintiff Kelly is one of thousands of consumers who received robocalls from Defendant

regarding a debt that was not hers. (*Id*. ¶¶ 14, 19, 25.) These calls began to occur in or around August 2014. (*Id*. ¶ 18.) During that time, Plaintiff did not have a credit relationship with Defendant, did not owe Defendant any debt, and was not responsible for the debt that Defendant sought to collect. (*Id*. ¶ 19.) Moreover, Plaintiff had never given Defendant her express consent to receive robocalls made by the Defendant. (*Id*. ¶ 21.)

When Plaintiff answered the calls from Defendant, she was given an option to indicate that she was not the person sought in the call. (*Id*. ¶ 19.) Though Plaintiff indicated that she was not the person sought on at least two occasions, the robocalls persisted. (*Id*. ¶¶ 19-20.) In the end, Defendant knew that these robocalls to unrelated consumers (like Plaintiff) were occurring. (*Id. ¶* 23.) Despite that knowledge—while also having never been provided with Plaintiff's express consent and Plaintiff's attempts to make the calls stop—Defendant continued to place robocalls to Plaintiff. (*Id*. ¶¶ 19, 20, 21, 23.) As such, Plaintiff's right to privacy has been adversely affected, and she has suffered harm in the form of monies paid to her telephone service provider. (*Id*. ¶¶ 5, 23, 34.)

### C. The Proposed Class

As a result of Defendant's conduct described above, Plaintiff brought this lawsuit and now seeks certification of a Class, defined as follows:

> **Class:** All persons in the United States who (1) received a telephone call; (2) from or on behalf of Kohl's; (3) that featured an artificial or pre-recorded voice; (3) who do not have a Kohl's shopping card or otherwise owe a debt to Kohl's; and (4) for which the caller had no other record of prior express consent to make such call to the telephone number that received it.[2]

---

[2]   Excluded from the Class and Subclass are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Class; 4) the legal representatives, successors, or assigns of any such excluded persons; and 5)

(*Id*. ¶ 24.) As demonstrated below, the proposed Class meets each of the prerequisites for certification under Rule 23, and therefore the instant motion should be granted in its entirety.

### III. THE PROPOSED CLASS SATISFIES EACH OF THE PREREQUISITES FOR CERTIFICATION.

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named-representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

In this case, Plaintiff seeks certification of the proposed Class under both Rule 23(b)(2) and 23(b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). Similarly, in order to certify a class under Rule 23(b)(3), there must be questions of law or fact common to the proposed class members, which predominate over any questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

---

Plaintiff's counsel and Defendant's counsel.

Though "a court is *not* required to accept the allegations in the plaintiff's complaint as true," "a court should accept allegations supporting class certification in the complaint as true" when no discovery has been conducted on the issue of class certification and when the class allegations would stand alone in the face of a challenge from a defendant. *See Cox v. Sherman Capital LLC*, No. 12-CV-01654-TWP, 2014 WL 1328147, at *9 (S.D. Ind. Mar. 31, 2014). "Under these circumstances, the defendant has the burden of showing that the plaintiff's complaint contains no possible set of factual allegations that could justify certifying a class." *Id.* (citation omitted).

As explained further below, the proposed Class in this case meets all of the requirements of Rules 23(a), (b)(2), and (b)(3), and therefore can be properly certified.

### A.   The Numerosity Requirement is Satisfied.

Rule 23(a)'s first requirement—numerosity—is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). There is no specific number required to satisfy numerosity, nor are plaintiffs required to state the exact number of potential class members. *Walker v. Calusa Invs., LLC*, 244 F.R.D. 502, 506 (S.D. Ind. 2007). Generally, "the Court is entitled to make common sense assumptions in order to find support for numerosity. *Warren v. Town of Speedway*, No. 13-CV-1049-JMS-DKL, 2013 WL 6729655, at *3 (S.D. Ind. Dec. 19, 2013); *see also* 3 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* ¶ 7.20, 66 (4th ed. 2001).

Here, Plaintiff alleges—and discovery will show—that Defendant placed thousands of robocalls to members of the proposed Class who did not have a credit or debt relationship with Defendant, and who never provided Defendant with express consent to make the robocalls. (Compl. ¶¶ 13, 14, 15, 16, 17, 25); *see In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 167 (S.D. Ind. 2009) (classes numbering in the thousands "clearly" satisfy the numerosity

requirement); Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, the proposed Class satisfies the numerosity requirement.[3]

### B.     The Commonality Requirement is Satisfied.

Next, Rule 23(a) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet this commonality requirement, the representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Commonality is present where a "common nucleus of operative fact" exists, even if as to one question of law or fact, *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), and is often found where "defendants have engaged in standardized conduct towards members of the proposed class." *Nelson v. IPALCO Enterprises, Inc.*, No. IP02-477CHK, 2003 WL 23101792, at *3 (S.D. Ind. Sept. 30, 2003) (quoting *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir.1998)). Ultimately, commonality is a relatively low and easily surmountable hurdle. *Randall v. Rolls-Royce Corp.*, No. 06-CV-860-SEB-JMS, 2010 WL 987484, at *8 (S.D. Ind. Mar. 12, 2010) *aff'd*, 637 F.3d 818 (7th Cir. 2011).

---

[3]     To the extent the Court requires additional details regarding the number of members in the Class, such information may be readily obtained through discovery and Defendant's records.

In this case, all members of the proposed Class share common questions of both law and fact. The factual questions include: (1) whether Defendant made calls featuring an artificial or pre-recorded voice; and (2) whether Defendant and/or its agents systematically made phone calls to persons who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls. These factual questions lead to common legal questions, including: (1) whether Defendant's conduct violated the TCPA; and (2) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct. (Compl. ¶ 26.)

Accordingly, the commonality requirement is met.

### C.  Plaintiff's Claims are Typical of the Class.

Typicality, the next requirement under Rule 23, requires that Plaintiff's claims be typical of those of the other Class members. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and "is satisfied where the named plaintiff['s] claims arise[ ] from the same . . . practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *In re Bromine Antitrust Litig.*, 203 F.R.D. 403, 409 (S.D. Ind. 2001) (internal quotations omitted). Even the existence of factual differences will not preclude a finding of typicality. *Warren*, 2013 WL 6729655, at * 4 (quotation omitted).

In this case, Plaintiff and the proposed Class members were all uniformly subject to Defendant's common course of conduct. That is, Plaintiff and the Class received one or more robocalls from Defendant despite the fact that: 1) they did not provide express consent to Defendant to call the telephone number dialed, nor did they provide Defendant with such numbers, and/or 2) they had no credit or debt with Defendant and they had no affiliation with the actual debt Defendant sought to collect. (Compl. ¶¶ 3, 21, 14. 19.) As a result of Defendant's

8

misconduct, Plaintiff and the other members of the Class were damaged in nearly identical manner: the all had their right to privacy adversely affected and suffered harm in the form of monies paid to their telephone service provider. (*Id.* ¶¶ 5, 22, 34.) As a result of that conduct, Plaintiff and the other members of the Classes are entitled to the identical calculation of statutory damages under the TCPA based upon information within Defendant's control. As such, by pursuing her own claims, Plaintiff will necessarily advance the interests of the proposed classes in satisfaction of Rule 23(a)(3)'s typicality requirement.

### D.     The Adequacy of Representation Requirement is Satisfied.

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires that both a proposed class representative and his or her counsel have the ability to "zealously represent and advocate on behalf of the class as a whole." *Selburg v. Virtuoso Sourcing Grp., LLC*, No. 11-CV-1458-RLY-MJD, 2012 WL 4514152, at *9 (S.D. Ind. Sept. 29, 2012) (quotation omitted).

The proposed class representative must not have claims that are "antagonistic or conflicting…with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* (internal quotations omitted). Additionally, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims. It is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Walker*, 244 F.R.D. at 508.

In this case, Plaintiff received unauthorized telephone calls from Defendant to her phone as a result of Defendant's uniform course of unlawful conduct. (Compl. ¶¶ 18-23, 32-34.) As such, Plaintiff has the same interests as the proposed Class—ensuring that Defendant's unlawful

conduct does not continue in the future and that she and the other members of the Class recover the statutory damages and injunctive relief to which they are entitled. (Compl. ¶¶ 3-6, 15, 16, 22, 31-35.) Plaintiff has no interests antagonistic to those of the Class and will fairly and adequately protect the interests of the Class. (*Id.* ¶ 28.) Her pursuit of the instant action demonstrates as much. (*Id.*)

Similarly, proposed class counsel are well-respected members of the legal community who have extensive experience in class actions of similar size, scope, and complexity to the instant action. (*See* Declaration of Benjamin Richman ["Richman Decl."] attached as Exhibit 1; *see* also Firm Resume of Edelson PC, attached to the Richman Decl. as Exhibit 1-A.) Proposed class counsel have regularly engaged in major complex litigation involving the TCPA, consumer technology, and privacy issues, have the resources necessary to conduct litigation of this nature, and have frequently been appointed as lead class counsel in courts throughout the country. (*Id.* ¶¶ 5, 6.) To date, proposed class counsel have also diligently investigated and dedicated substantial resources to the claims in this action, and they will continue to do so throughout its pendency. (*Id.* ¶ 6.)

As such, Plaintiff and her counsel have and will continue to adequately represent the Class, and Rule 23's adequacy requirement is met as well.

### E. The Proposed Class Meets the Requirements of Rule 23(b)(2).

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiff seeks certification of the proposed Class under Rules 23(b)(2) and (b)(3).

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "thereby making appropriate final

injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Nelson*, 2003 WL 23101792, at *11. The requirement that the defendant act on grounds generally applicable to the 23(b)(2) class, like the whole of Rule 23, is to be liberally construed so as to favor the maintenance of class actions where appropriate. *See Brown v. Yellow Transp., Inc.*, No. 08-cv-5908, 2011 WL 1838741, at *2 (N.D. Ill. 2011); *see also King v. Kansas City S. Indus.*, 519 F.2d 20, 26 (7th Cir. 1975)). Where a court finds that Rule 23(a)'s commonality requirement is met, the court should typically also find that the plaintiff has shown that the defendant acted on grounds generally applicable to the class as a whole. *See Lemon v. Intl. Union of Operating Eng'rs, Loc. No. 139, AFL-CIO*, 216 F.3d 577, 580 (7th Cir. 2000); *Yellow Transp.*, 2011 WL 183871, at *7.

Here, Defendant's misconduct was generally applicable to the Class as a whole. Indeed, Defendant made nearly identical debt collection phone calls to the telephone numbers of each of the putative class members without their consent, or the existence of any credit or debt relationship between Defendant and the class member. (Compl. ¶¶ 2-5, 14-17, 32, 33.) Defendant also acquired the telephone numbers of the class members it called through the unauthorized method of skip tracing. (*Id.* ¶17.) Defendant's conduct did not vary significantly from class member to class member and therefore, final injunctive relief is necessary to protect Plaintiff and the Class from such conduct in the future.

The requirements of Rule 23(b)(2) are satisfied.

### F. The Proposed Class Also Meets the Requirements of Rule 23(b)(3).

Plaintiff seeks certification of the Class under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action

11

mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *see In re Ready-Mixed*, 261 F.R.D. at 174. As discussed below, this case readily meets both of these requirements.

          i.          Common Questions of Law and Fact Predominate.

Rule 23(b)(3)'s "predominance requirement looks to whether the proposed class is 'sufficiently cohesive' to warrant 'adjudication' by representation." *Williams-Green v. J. Alexander's Rests., Inc.*, 277 F.R.D. 374, 383 (N.D. Ill. 2011) (citing *Wal-Mart*, 131 S. Ct. at 2566). This inquiry requires courts to identify "the substantive issues that will control the outcome, assess[] which issues will predominate, and then determine whether the issues are common to the class." *Id.* (citing *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006)) (internal quotations omitted).

Here, the claims of Plaintiff and the other members of the putative Class all arise from Defendant's standardized conduct of making unauthorized robocalls without the prior express consent of, or existence of a credit or debtor relationship with, the Plaintiff and other members of the Class. (Compl. ¶¶ 2-5, 14, 18-21, 32-34.) Furthermore, Defendant obtained the phone numbers of Plaintiff and the other Class members through the same unauthorized means. (*Id.* ¶ 17.) As such, the common questions described in Section III.B, *supra*, predominate over any issues affecting only individual Class members (*e.g.*, the number of phone calls made to each Class member).

Moreover, the answers to these questions are necessarily subject to common proof, primarily from information to be found within Defendant's own records. *See Wal-Mart*, 131 S. Ct. at 2551 (2011) ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate

12

common answers apt to drive the resolution of the litigation."); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 329 (N.D. Ill. 2010) (holding that the court must determine "whether plaintiffs can, through individualized cases, offer proof on a class-wide basis."). The claims of Plaintiff and the other members of the Classes all arise from Defendant's standardized conduct of making unauthorized calls to their telephones and having obtained the phone numbers through the same unauthorized means. Evidence of the calls themselves, how Defendant made them, to what phone numbers they were made, and how Defendant obtained those phone numbers will come from within Defendant's own records,[4] rather than from individual class members themselves. Thus, the only claim at issue in this case—Defendant's alleged violation of the TCPA—simply will not require individual proof such that class treatment would be inappropriate.

For all of these reasons, Rule 23(b)(3)'s predominance requirement is satisfied.

   ii. <u>The Class Action Mechanism is Superior to Other Available Methods for the Litigation of this Matter</u>.

Finally, Rule 23(b)(3) requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Warren*, 2013 WL 6729655, at *5. The instant class action is superior to other available methods for the fair and efficient adjudication of Plaintiff's and the Class's claims.

Absent class treatment in this case, each individual member of the Class would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither

---

[4] Additionally, records of the identity of each member of the putative Class will be within Defendant's possession and control.

efficient nor fair to anyone, including Defendant. Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Furthermore, class certification will promote consistency of rulings and judgments, giving all parties the benefit of finality.

Accordingly, the superiority requirement is also satisfied.

## IV. CONCLUSION

For the reasons stated above, and which will be borne out by discovery, this case is appropriate for class certification. Accordingly, Plaintiff Sharlot Kelly, individually and on behalf of the proposed Class, respectfully requests that the Court: (1) enter and reserve ruling on her motion for class certification; (2) allow for and schedule discovery to take place on class-wide issues; (3) grant her leave to file an amended motion upon the conclusion of discovery relating to certification issues; (4) grant her motion for class certification after full briefing; and (5) provide all other and further relief that the Court deems reasonable and just.[5]

Respectfully submitted,

**SHARLOT KELLY**, individually and on behalf of all others similarly situated,

Dated: September 12, 2014

By: s/Robert E. Duff
One of Plaintiff's Attorneys

Robert E. Duff, #16392-06
robert@robertdufflaw.com
INDIANA CONSUMER LAW GROUP/
THE LAW OFFICES OF ROBERT E. DUFF
P.O. Box 7251
Fishers, Indiana 46037
Tel: 800-817-0461

---

[5] Plaintiff respectfully reserves the right to amend the definitions of the proposed Class and Subclass at the conclusion of class-wide discovery, subject to Court approval.

Fax: 800-817-0461

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

*Counsel for Plaintiff and the Putative Class*

*Motions for admission *pro hac vice* to be filed

15