UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARLOT KELLY individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KOHL'S DEPARTMENT STORES, INC. a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  No. 1:14-cv-01499-SEB-DML<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Order Setting Initial Pretrial Conference

This case is assigned for an initial pretrial conference **November 21, 2014, at 11:30 a.m.,** before United States Magistrate Judge Debra McVicker Lynch, in Room 277, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.

> **Read this entire order carefully; it sets out the court's expectations for the conference.**

### Who must attend the initial pretrial conference ("IPTC")

- Represented parties must attend the IPTC by counsel.  Counsel must appear in person unless they obtain leave to appear at the IPTC by telephone.  Leave to appear by telephone will be freely granted to counsel outside the Indianapolis Division; counsel within the Indianapolis Division are expected to appear in person.  Requests by counsel to participate by telephone must be made by contacting the magistrate judge's staff at 317.229.3630 **at least twenty-four hours in advance of the IPTC**.

- Counsel who attend the IPTC must have thorough knowledge of the case, must have an appearance on file, and must be registered for CM/ECF.

- Clients are not required (but are permitted) to attend this conference.

**Rule 26(f) conference**

- An IPTC is not a substitute for the conference required by Fed. R. Civ. P. 26(f).  In addition to and in advance of their submission of a proposed case management plan (see below), counsel must confer and plan for discovery as required by Fed. R. Civ. P. 26(f)(2) and (3).

- The court will not require adherence to the conference timing provisions of Fed. R. Civ. P. 26(f)(1), so long as the conference is completed in addition to and in advance of submission of the proposed case management plan.

- Submission of a written report of the Rule 26(f) conference, as provided by section (f)(2), is not required, but counsel should expect to provide an oral report at the IPTC.

- *Because this case has been brought as a class action, the parties must discuss during their conference and in preparation of the case management plan (1) a deadline for filing the class certification motion; (2) whether the motion for class certification is likely to be opposed; (3) a briefing schedule for the class certification motion; (4) the scope of discovery, if any, necessary for completion of class certification briefing and consideration of the motion by the court; (5) if expert opinion will be offered on the class certification issues, deadlines for service of the parties' expert disclosures and their relationship to the briefing schedule; and (6) deadlines for discovery on class certification issues, including expert discovery.  In all events, however, the district court will decide the appropriate juncture in the case for determination of the class certification motion, consistent with Fed.R.Civ.P. 23(c).*

**Proposed case management plan ("CMP")**

- No fewer than seven days before the IPTC, counsel must file a proposed CMP.

- The general format for the CMP is provided by the court's uniform CMP, which can be found on the court's website, www.insd.uscourts.gov.  **Note that the uniform CMP was updated as of December 10, 2013.**

- The court encourages counsel to consider whether there are good reasons to depart from particular provisions of the uniform CMP and to frame a CMP appropriate for the case at hand.

- The parties should include in the proposed CMP the deadlines referenced above for resolution of the Rule 23 issues presented.

- With regard to the discovery of electronically-stored information ("ESI"), every CMP must include, *at a minimum*, (1) a statement of the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other ESI issues the parties believe may be relevant to discovery in the case, and (3) a claw back provision.

**Other matters for counsel to address with specificity at the IPTC**

- All factual and legal matters pertinent to claims, defenses, and damages

- The nature and scope of discovery, including any particular issues counsel anticipate

- Settlement, including identification of discovery necessary for parties to evaluate the case for settlement purposes

- When a substantial volume of ESI is expected, detailed consideration of related issues, including types, sources, preservation, accessibility, plan for collection, search protocol, management software, costs, and sequencing

- Whether and how many expert witnesses will likely be used

- The need for a stipulated protective order

So ORDERED.

Date:  October 14, 2014

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system